CAROLINE T. HOPPING ET AL., PLAINTIFFS, v. CONTINENTAL INSURANCE COMPANY, DEFENDANT.

Submitted May 12, 1928—Decided November 14, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Arthur T. Vanderbilt.*

*Contra, Applegate, Stevens, Foster, Leonard & Reussille.*

PER CURIAM.

This action was brought on two policies of insurance for $1,000 each of the Continental Insurance Company, the defendant, covering property of the plaintiffs in Red Bank, to recover for fire loss. The property was insured in another company in an additional sum of $3,000, and under the standard clause contained in defendant's policy the defendant company is not liable for a greater proportion of loss than the amount insured bears to the whole insurance, in the present case, two-fifths.

The plaintiffs, to recover the full amount of their policies, namely $2,000, had to prove a total actual loss, according to the conditions of the policies, amounting to not less than $5,000.

The jury rendered a verdict of $2,090, which included the full amount of the claim and interest.

Defendant obtained this rule to show cause why the verdict should not be set aside on the grounds argued here that the verdict was against the weight of the evidence, and that it is excessive because it included the value of a refrigerator, namely, $800, destroyed in the fire, which defendant alleges was not included in plaintiffs' proof of loss nor covered by the policies sued on, defendant contending that evidence taken under the rule showed that it was the property of the tenant occupying the premises in question and had been insured by such tenant and the loss paid to him by the defendant.

The contentions of the defendant that the verdict is against the weight of the evidence and that it is excessive may be considered together. The claim is first that the great weight of the evidence was to the effect that the loss was well below the figure of $2,000. We have looked into that question and are unable to say that it is so.

The plaintiffs' testimony as to the loss came from three or four witnesses, expert in character, only one of whom was interested, and apparently they variously estimated the loss at from $5,400 to $8,500, and one of them expressly testified that the refrigerator was not included in his estimate.

It is true that on the contrary a number of experts produced by the defendant considered the loss to be much less than those figures, one of them placing the figure as low as $1,696.

It will thus be seen that even though the refrigerator, which apparently was worth $800 and was destroyed, was not a part of the proof of loss, nor a part of the actual loss, and even though it had been insured by the tenant and the loss paid to him, the figures would seem to show that the verdict cannot be said to be so clearly against the weight of the evidence as to indicate mistake, passion or prejudice upon the part of the jury.

The judge left it to the jury to say whether or not the refrigerator was included in the proof of loss, and told the jury that if it was not, there could be no recovery for it; and there was no objection made to that instruction. We think, in the situation presented, we are justified in assuming that the jury did not include the refrigerator in the verdict, because an

inspection of the proof of loss seems to demonstrate that it was not included in the proof of loss.

If that reasoning is correct, we do not see that we are much concerned about the so-called newly-discovered evidence; but if we are to look at that, then we are of the opinion that the so-called newly-discovered evidence is not newly-discovered evidence within the technical rules. It was known to the defendant at the time of the trial and is only cumulative.

The rule to show cause will be discharged.